CANADY, J., dissenting.
The Third District's decision in Vargas v. Gutierrez , 176 So.3d 315 (Fla. 3d DCA 2015), does not expressly and directly conflict with the Fourth District's decision in Cantore v. West Boca Medical Center, Inc. , 174 So.3d 1114 (Fla. 4th DCA 2015), on the same question of law. See art. V, § 3(b)(3), Fla. Const. Because this Court lacks jurisdiction to review Vargas , I dissent.
In Vargas , the relevant issue addressed by the Third District was whether four medical professionals (pathologists) called by the plaintiffs at trial were all expert witnesses. Vargas , 176 So.3d at 322-26. This determination was important because of a pretrial order limiting each side to one expert witness per specialty area. Id. at 320. Vargas examined the different methods for distinguishing medical professionals testifying as expert witnesses from medical professionals testifying as treating physician fact witnesses. Id. at 323-25. Vargas ultimately concluded that the four witnesses all gave expert testimony and that the trial court thus abused its discretion by allowing the plaintiffs to violate the pretrial order. Id. at 322. The majority here disagrees with Vargas and instead concludes that two of the witnesses were treating physicians testifying as fact witnesses and that one of the other witnesses was properly allowed to testify as an expert *630 witness on rebuttal. Majority op. at 624-25, 628. In doing so, the majority recognizes that a treating physician can in fact be an expert witness, depending "on the role played by the witness." Majority op. at 624. Nothing in Vargas suggests otherwise.
In Cantore , the Fourth District addressed a very specific limitation on the admissibility of "subsequent treating physician" testimony presented by defendant physicians in medical malpractice actions. The narrow issue in Cantore was whether certain hypothetical deposition testimony was proscribed by Saunders v. Dickens , 151 So.3d 434 (Fla. 2014) -namely, whether a subsequent treating physician impermissibly testified "that adequate care by the defendant physician would not have altered the subsequent care." Cantore , 174 So.3d at 1117 (quoting Saunders , 151 So.3d at 442 ). Cantore ultimately concluded that the testimony at issue was "properly admitted." Id. at 1121. In doing so, Cantore distinguished the testimony under consideration from that in Saunders , noting that, among other things, the testifying physician in Cantore specifically testified "that he would have made different recommendations " if he had been told that the patient's true condition was as the plaintiffs suggested. Id. at 1120. Cantore also distinguished the role of the testifying physician there from the role of the testifying physician in Saunders . For example, Cantore described the testifying physician as "a neutral third-party witness," unlike the subsequent treating physician in Saunders who was a defendant in the case at the time of his deposition. Id. at 1121. Cantore also described the testifying physician as an intimately involved "co-treating" physician rather than a "subsequent" treating physician. Id. at 1119. And Cantore repeatedly referred to the testifying physician as an "expert" witness. See id. at 1115, 1119-20. In fact, Cantore concluded in part that the disputed testimony was admissible because it was proper expert testimony given by an expert witness:
Objections, based on speculation and improper hypothetical, to the admissibility of Dr. Sandberg's testimony were properly overruled because as a treating physician, neurosurgeon, and expert on July 3, 2008, Dr. Sandberg was qualified to answer even questions which assumed certain facts which did not occur, as experts are allowed to do .
Id. at 1120 (emphasis added). In short, the only question of law decided by Cantore was that Saunders did not apply to the testimony presented under the very different factual circumstances in Cantore .
Vargas and Cantore undoubtedly both involve medical malpractice cases and the testimony of certain "treating" physicians, but the decisions in the two cases do not expressly and directly conflict on the same question of law. See art. V, § 3(b)(3), Fla. Const. Because this Court does not have jurisdiction to review Vargas , I dissent.
LAWSON, J., concurs.